Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 04721 | **DATE** | 3/12/2013 |
| **CASE TITLE** | Theaplus Lee, Jr. Vs. Wells Fargo Bank, N.A. | | |

**DOCKET ENTRY TEXT**

Minute Entry before Honorable Harry D. Leinenweber: Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss is GRANTED without prejudice.

■ [ For further details see text below.]    Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss. For the reasons stated below, the motion is granted.

*Pro se* Plaintiff Theaplus Lee, Jr. ("Lee") filed this lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo") on June 15, 2012. While the complaint is somewhat unclear, Lee seems to assert that he sought a loan from third party Chase Bank. It appears Mr. Lee received a line of credit, though it is unclear from whom. He alleges that Chase and Wells Fargo later cut his credit, which made him unable to sustain his business or pay his mortgage. He claims that despite not having a mortgage with Wells Fargo, it threatened to foreclose on his house.

Wells Fargo now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process. Wells Fargo argues first that the summons was improper under Rule 4(a)(1), because it was directed to the address of Pierce and Associates, not Wells Fargo. Wells Fargo also argues that service was not proper under Rule 4(m). Plaintiff filed no response to the motion, and Defendant claims it has been unsuccessful in attempts to contact Plaintiff.

Rule 4 requires that a summons must be directed to the defendant. Fed. R. Civ. P. 4(a)(1). Service can be made according to state law or by (1) delivering a copy of the summons and complaint personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age who resides there, or (3) by delivering copies to an authorized agent. Fed. R. Civ. P. 4(e). A domestic or foreign corporation must be served according to state law or "by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). In Illinois, a private corporation may be served by leaving a copy of the process with its registered agent, any officer or agent found anywhere within the state, or by any other

| STATEMENT |
|---|

manner permitted by law. 735 Ill. Comp. Stat. 5/2-204.

If the plaintiff does not serve defendant within 120 days of filing the complaint, the court may dismiss the action without prejudice, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Rule 12(b)(5), the burden is upon the plaintiff to make a *prima facie* showing that there was proper service. *Manjarrez v. Georgia-Pacific LLC*, No. 12 C 1257, 2012 U.S. Dist. LEXIS 129752 at *7 (N.D. Ill. Sept. 12, 2012).

Lee issued summons to "Well [sic] Fargo/Pierce and Associates, 1 N. Dearborn Suite 1300, Chicago, IL 60602" on June 15, 2012. *See* Summons, ECF No. 7. Lee filed a return of service on June 29, 2012, indicating that he had served the summons to that address via certified mail. Wells Fargo states that the summons violated Rule 4 because it was directed to the address of Pierce and Associates, and not any address for Wells Fargo. Wells Fargo states that Pierce and Associates is a foreclosure law firm not authorized to accept service on its behalf. Indeed, Wells Fargo claims it has no registered agent in Illinois. *See* Def's. Mot. to Dismiss Ex. C, ECF No. 14-3 (Secretary of State website showing no registered agent for Wells Fargo Bank, N.A. in Illinois).

The Court is convinced that the summons was not properly directed to Defendant, as both the name of the Defendant and address on the summons appear incorrect. It also appears that Wells Fargo was not properly served. Lee indicated he served the summons via certified mail, but nothing in Rule 4 authorizes service by certified mail only. *See Tolley v. Illinois*, No. 06-627-GPM, 2006 U.S. Dist. LEXIS 92155 at *6 (S.D. Ill. Dec. 20, 2006). Even if that were a proper means of service, Pierce and Associates is not an authorized agent of Wells Fargo and could not accept on its behalf.

Plaintiff, by failing to respond to the motion, has provided no argument to the contrary. Thus, Plaintiff's summons and service were both insufficient, and Plaintiff has provided no good cause for those insufficiencies. As more than 120 days have passed since Lee filed this action, the Court grants Wells Fargo's motion to dismiss.